IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LEONARDO BROWNING, | § § § § § § § § § | |
| Plaintiff, | | |
| v. | | 1:17-CV-556-RP |
| SOUTHWEST AIRLINES CO., | | |
| Defendant. | | |

## ORDER

Before the Court is the motion to transfer venue to the Northern District of Texas, Dallas Division, (Dkt. 6), by Defendant Southwest Airlines ("Southwest"). After reviewing the briefs, pleadings, and relevant law, the Court **GRANTS** the motion.

### I. Background

Plaintiff Leonardo Browning ("Browning"), formerly employed as a flight attendant, was terminated by Southwest on May 16, 2015. (Compl., Dkt. 1-1, ¶ 4.3). Browning alleges that his termination and Southwest's failure to reinstate him after his termination violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the prohibition of discrimination on the basis of race and disability under Chapter 21 of the Texas Labor Code. (*Id.* ¶¶ 5.2–5.4). Southwest avers that Browning was terminated for violating company policy regarding availability while on reserve assignment and that doing so did not violate either statute under which Browning has brought claims. (Mot. Transfer, Dkt. 6, at 3). Southwest filed a motion to transfer venue to the Dallas Division of the Northern District of Texas. (*Id.*).

### II. Discussion

Transfer of venue to "any other district or division" where a civil action may have been brought initially is permitted for "the convenience of parties and witnesses, in the interest of

1

justice." 28 U.S.C. § 1404(a). Accordingly, in considering a motion to transfer venue, the Court must determine (1) "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed," *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004), and (2) whether transferring the case would be convenient for the parties and witnesses and in the interest of justice. *Id.* The Fifth Circuit has laid out a number of both private and public factors to consider when deciding whether transfer would be appropriate once it has been determined that the action could have been brought originally in the transferee forum. *See Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (quoting *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203). These factors are neither exhaustive nor exclusive, and no single factor is dispositive. *Id.* (citing *Action Indus., Inc.*, 358 F.3d at 340).

Browning does not dispute that this case could have been brought in the Dallas Division of the Northern District of Texas. This leaves the remaining considerations of whether a transfer would be convenient for the parties and witnesses and in the interest of justice. Southwest puts forth five reasons to support transfer to Dallas: (1) that venue will be more convenient for the witnesses than this one; (2) Dallas offers a better ease of access to sources of proof than does Austin; (3) Browning's choice of forum has little weight and does not outweigh the other factors; (4) a judge in

the Northern District will have no difficulty applying federal and Texas law; and (5) the Dallas Division has a stronger local interest in determining the outcome of the case than does the Austin Division. (Def.'s Mot. Transfer, Dkt. 6, at 6–9). Browning counters that transfer of venue would be inappropriate because it "would simply shift inconveniences from one party to the other," (Pl.'s Resp., Dkt. 8, at 3). Additionally, Browning contends that it would not be very difficult for Southwest's witnesses to travel to Austin because Southwest is an airline and could easily provide them with access to a plane. (*Id.*).

A plaintiff's choice of venue is not an independent factor to be considered in the Section 1404 transfer analysis, but it does place the burden on the defendant to demonstrate that the new proposed venue is more convenient than the original one. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("[T]he plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."); *see also Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963) ("[H]e who seeks the transfer must show good cause."); *Volkswagen II*, 545 F.3d at 315 ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is 'for the convenience of parties and witnesses, in the interest of justice.'") (brackets omitted). Therefore, a plaintiff's choice of venue should be preserved "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff," but transfer should be granted "when the movant demonstrates that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 315. Here, Southwest has shown that Dallas is clearly more convenient than Austin under the relevant factors.

A.  **Private Interest**

The two private interest factors raised both favor Dallas as a venue.[1] Dallas is significantly more convenient for the witnesses who will appear in the case, and the relevant evidence is located in Dallas.

**1. Cost of Attendance for Witnesses**

The cost of attendance for willing witnesses favors Dallas. All of the witnesses mentioned by Southwest are located in or near Dallas. Southwest names two material witnesses based in Dallas in its brief. (Def.'s Mot. Transfer, Dkt. 6, at 7 (naming Jamie Dotson, the Dallas Assistant Base Manager who sent Browning his termination letter, and Jenny McCormick, who attended the meeting concerning Browning's conduct prior to his termination, as material witnesses living in or near Dallas). Jamie Dotson's Declaration names five additional people who were involved in Browning's termination, all of whom are based in Dallas. (Dotson Decl., Dkt. 6-1, at 2 (naming Joseph Skotnik, Browning's Dallas-based union representative who attended the "Fact Finding Meeting" at which Browning's violation of company policy was discussed, and four additional Dallas-based Southwest employees who were involved in a "Step 2" meeting to discuss Browning's termination)). Browning has identified no witnesses apart from himself for whom Austin would be more convenient.

Dallas is more than 100 miles away from Austin, which means that the costs of attendance for the witnesses would be substantially higher in Austin than in Dallas. *See Volkswagen I*, 371 F.3d at 204–05 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."); *Volkswagen II*, 545 F. 3d at 317 (finding that the district court erred in failing to heed the "100-mile rule" set out in *Volkswagen I*). Browning

---

[1] The parties have not made arguments regarding the second and fourth private interest factors—the availability of compulsory process to secure the attendance of witnesses and the catch-all category of miscellaneous practical problems.

contends that this distance should be discounted because Southwest, an airline company, has planes at its disposal. In addition to oversimplifying the nature of the costs of air travel, this contention leaves out considerations that the possibility of air travel do not alleviate, including travel time (and the accompanying necessity of absence from work), the need for meals and lodging, and the necessity of overnight stays. *See Volkswagen I*, 371 F.3d at 204 ("Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from regular employment."). The logistical difficulties stemming from distant witnesses are compounded by the need to adjust schedules to accommodate the out-of-town participants in the trial. *See id.* (emphasizing that "the task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility" is significantly longer than half an hour to an hour).

### 2. Relative Ease of Access to Sources of Proof

The relative ease of access to sources of proof also favors the Dallas division. All relevant records are located in the headquarters of Southwest, which is in Dallas. According to the Dotson Declaration, "Job applications and employee personnel files are maintained at Southwest's Dallas headquarters." (Dotson Decl., Dkt. 6-1, at 2). Additionally, the Human Resources Department is centralized in Dallas. (*Id.*). Browning suggests that it would be easy for Southwest to place whatever documents may be needed onto a flash drive and transport them to Austin, but the Fifth Circuit has made clear that even in light of technological developments, the physical location of evidence is still an important factor to be considered. *Volkswagen II*, 545 F.3d at 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous."). Even if it were relatively easy to transport the relevant

documents to Austin, "the question is *relative* ease of access, not *absolute* ease of access," *In re Redmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (citing *Volkswagen II*, 545 F.3d at 316), and the proximity of a Dallas court to the location of the relevant evidence makes that venue more convenient than this one. Because all relevant documents and other sources of evidence are located in Dallas, this factor favors Dallas as the venue for this suit.

**B.      Public Interest**

The only public interest factor at issue is the interest "in having localized interests decided at home." *Volkswagen II*, 545 F.3d at 317. Austin's only connection to the case is that Browning resides here. All of the other factors point to Dallas—Southwest is headquartered in Dallas, Browning was employed in Dallas, the meeting in which Browning was terminated occurred in Dallas, and all of Southwest's witnesses live in Dallas. *Cf. Volkswagen I*, 371 F.3d at 205 (finding that the district court erred in failing to consider the site of the car accident at issue in the case). Austin has barely any local interest at all in the dispute; it primarily concerns Dallas. Therefore, this factor favors venue in Dallas, as well.

### III. Conclusion

Because the *Volkswagen* factors considered together clearly favor Dallas as a venue over Austin, Southwest's motion to transfer venue, (Dkt.6), is **GRANTED**. **IT IS ORDERED** that the case is **TRANSFERRED** to the Dallas Division of the Northern District of Texas.


**SIGNED** on December 21, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE